FILED
2009 Oct-16  AM 09:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

LAURA HARRIS,

      Plaintiff,

v.                                                    CASE NO. CV-09-J-0860-NE

MADISON COUNTY, ALABAMA,
MADISON COUNTY
COMMISSION,
BLAKE DORNING, Sheriff of
Madison County,
MADISON COUNTY SHERIFF'S
DEPARTMENT, and
KENYARD HOUSTON,

      Defendants.

## MEMORANDUM OPINION

Pending before the court are defendant Blake Dorning's motion to dismiss

plaintiff's amended complaint (doc. 15) and his brief in support thereof (doc. 16),

defendant Madison County, Alabama/Madison County Commission's motion to

dismiss plaintiff's amended complaint (doc. 17) and its brief in support thereof

(doc. 18), defendant Madison County Sheriff's Department's motion to dismiss

plaintiff's amended complaint (doc. 19) and its brief in support thereof (doc. 20),

and defendant Kenyard Houston's motion to dismiss plaintiff's amended

complaint (doc. 21) and its brief in support thereof (doc. 22), to which the plaintiff

has filed responses (docs. 27-30). Having considered the pleadings and arguments

of the parties, the court finds as follows:

FACTUAL BACKGROUND

Plaintiff alleges the following facts in her complaint. Plaintiff Laura Harris,

who is female, began working as a Corrections Officer at the Madison County Jail

on or about September 2005 in Huntsville, Madison County, Alabama. At all

relevant times, Plaintiff was an employee of Defendant Madison County and/or

the Sheriff. Defendant Madison County sets the pay and establishes minimum

qualifications for positions in the Madison County Sheriff's Department, posts

vacancies, screens applicants, administers and approves or denies requests for

Family and Medical Leave Act leave, establishes policies for reporting

discrimination and harassment and for addressing such reports, pays the salaries of

employees of the Madison County Sheriff's Department, and otherwise exerts or

shares control of the employment relationship of employees of the Sheriff's

Department to a substantial extent.

Defendant Kenyard Houston, male, was an agent and/or employee of

Defendant Madison County and/or the Sheriff, and had supervisory authority over

the plaintiff. Houston had a history of wrongful sexual conduct with females of

which Defendants Madison County and/or the Sheriff were or should have been aware.

On or about January 12, 2008, while acting in the line and scope of his employment with Defendant Madison County and/or the Sheriff, Houston sexually assaulted and battered Plaintiff while they were working in the Annex Facility. Some of the Plaintiff's teeth were broken in the attack.

Plaintiff attempted to report the attack to the Madison County Personnel Director Gail Medley, but she was out of the office. Shortly thereafter, the Plaintiff reported the attack to Chief Stevens and other supervisors, male members of law enforcement, and provided physical evidence of the attack.

Thereafter, Plaintiff was subjected to harsh and demeaning interrogation techniques, which she alleges were used because of her sex, in a discriminatory and retaliatory manner designed to force her to retract her report, and to which male employees were not subjected.

Following the attack, Plaintiff was required to work with Houston. Plaintiff was also transferred to less desirable work assignments and schedules, was denied training and overtime assignments, subjected to unwarranted complaints and writeups, denied breaks and other relief, and she was required to have permission of her superiors where permission is not customarily required. The jail

3

administrator, Lieutenant Hancock, warned her co-workers to avoid her. On one

occasion, although Plaintiff completed Taser training, she was refused

certification. Moreover, during the training, the instructor shot her with a Taser

and badly burned her skin.

On or about September 20, 2008, Plaintiff was constructively discharged

because her work conditions were so intolerable that she was compelled to resign.

Her resignation was considered to be a termination according to the "Madison

County, Alabama, Notice of Personnel Action" signed on or about September 30,

2008 by Felicia McDonald, Madison County Personnel Director (Compl. 4-8).

STANDARD OF REVIEW FOR EVALUATING A MOTION TO DISMISS

When an issue is before the court on a motion to dismiss, the court must

"accept the allegations of the complaint as true and construe them 'in the light

most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th

Cir. 2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). *See also*

*Erickson v. Pardus* , 551 U.S. 89, 127 S.Ct. 2197 (2007); citing *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) (citing *Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct.  992, 152 L.Ed.2d 1 (2002);

*Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989);

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). *See also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that "[a] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face").

## LEGAL ANALYSIS

Defendants first allege that the amended complaint is due to be dismissed because it "...fails to meet the pleading requirements of the Federal Rules of Civil Procedure and applicable Eleventh Circuit law" and it "is a 'shotgun' pleading and does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure" (Doc. 15, ¶ 3-4). The Eleventh Circuit Court of Appeals has repeatedly condemned the use of shotgun pleadings. For example, that Court has stated, "we note that the district court, acting on its own initiative, should have stricken appellants' complaints and instructed counsel to replead their cases–if counsel could in good faith make the representations required by Fed.R.Civ.P. 11(b). The court clearly had the power to do this. As we have stated on several other occasions, shotgun complaints of the sort filed in these cases are altogether unacceptable." *Cramer v. State of Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997), *citing Ebrahimi v. City of*

*Huntsville Board of Ed.*, 114 F.3d 162 (11ᵗʰ Cir. 1997) (per curiam); *Cesnik v.*

*Edgewood Baptist Church*, 88 F.3d 902, 905 & n. 9 (11ᵗʰ Cir. 1996), *cert. denied*,

519 U.S. 1110, 117 S.Ct. 946, 136 L.Ed.2d 834 (1997). However, the Eleventh

Circuit has further recognized that a complaint should be drafted "...with such

clarity and precision that the defendant will be able to discern what the plaintiff is

claiming and to frame a responsive pleading." *Anderson v. District Bd. of Trustees*

*of Cent. Fla. Community College*, 77 F.3d 364, 366 (11ᵗʰ Cir. 1996).

"Under the Federal Rules of Civil Procedure, a defendant faced with a

complaint such as Anderson's is not expected to frame a responsive pleading.

Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to

require the plaintiff to file a more definite statement." *Id*. Therefore, even if

plaintiff had filed a "shotgun" complaint as the defendant alleges, the proper

method of resolution would be a motion for a more definite statement and not a

motion to dismiss. Therefore, the Court denies Defendants' motions to dismiss on

grounds of inadequate pleadings.

### I. Madison County Sheriff's Department

In response to defendant Madison County Sheriff's Department's motion to

dismiss (doc. 19), plaintiff has filed a brief which does not oppose the dismissal

(doc. 29). As the plaintiff recognizes, the Alabama Supreme Court has stated that

"[a] [s]heriff's [d]epartment is not a legal entity subject to suit. Therefore, a cause of action may not be maintained...." *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991). The Eleventh Circuit Court of Appeals concurred, finding that "a county sheriff's department lacks the capacity to be sued." *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (citing *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991)).

The court therefore finds that defendant Madison County Sheriff's Department's motion to dismiss is due to be granted.  However, the defendant's request for attorney's fees and costs is denied.

## II. Madison County, Alabama and Madison County Commission

Harris brings suit against Madison County, Alabama, and the Madison County Commission (collectively herein "Madison County") for sexual harassment and sex discrimination, retaliation, and violation of 42 U.S.C. § 1983.

In her amended complaint, plaintiff alleged she was employed by Madison County and/or Madison County Sheriff's Department. In doing so, plaintiff relies on *Lyes v. City of Rivera Beach*, 166 F.3d 1332 (11th Cir. 1999). In *Lyes*, the court held:

> when assessing whether multiple governmental entities are a single "employer" under Title VII, we begin with the presumption that governmental subdivisions denominated as separate and distinct under

state law should not be aggregated for purposes of Title VII. That presumption may be rebutted by evidence establishing that a governmental entity was structured with the purpose of evading the reach of federal employment discrimination law. Absent an evasive purpose, the presumption against aggregating separate public entities will control the inquiry, unless it is clearly outweighed by factors manifestly indicating that the public entities are so closely interrelated with respect to control of the fundamental aspects of the employment relationship that they should be counted together under Title VII.

*Id* at 1345.

It is well settled that under Alabama law, sheriffs and their employees are state employees. Article V, § 112 of the Alabama Constitution of 1901 states that "[t]he executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county." The United States Supreme Court found this evidence particularly persuasive in consideration of the history of the Alabama Constitution:

This designation is especially important for our purposes, because although every Alabama Constitution has included sheriffs as constitutional officers and has provided for their election by county voters, see Ala. Const. of 1819, Art. IV, § 24; Ala. Const. of 1861, Art. IV, § 24; Ala. Const. of 1865, Art. VII, § 3; Ala. Const. of 1867, Art. V, § 21; Ala. Const. of 1875, Art. V, § 26; Ala. Const. of 1901, Art. V, § 138, sheriffs have not always been explicitly listed as members of the state "executive department." Thus, the 1867 Constitution listed only the "governor, lieutenant governor, secretary of state, auditor, treasurer, and attorney general" as constituting "the executive department." Ala. Const. of 1867, Art. V, § 1. This changed with the 1875 Constitution, when

sheriffs and the superintendent of education were added to the list. Ala. Const. of 1875, Art. V, § 1.

*McMillian v. Monroe County, Ala.*, 520 U.S. 781, 787, 117 S.Ct. 1734, 1738 (1997) (holding that Alabama sheriffs do not act as "policymakers" for the county in the area of law enforcement).  This view extends to the deputy sheriffs as well. "In general, the acts of the deputy sheriff are the acts of the sheriff." *Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala. 1991); *see Carr v. City of Florence* 916 F.2d 1521, 1526 (11ᵗʰ Cir. 1990).

Under Alabama law, sheriffs are presumed to be separate and distinct legal entities from the counties in which they are employed. As stated in *Lyes*, absent an evasive purpose, the presumption will control unless it is clearly outweighed by these factors: interrelation of operations; centralized control of labor operations; the authority to hire, transfer, promote, discipline or discharge; the authority to establish work schedules or direct work assignments; and the obligation to pay or the duty to train the employee. *Lyes*, 166 F.3d at 1345.

 Plaintiff alleges in her complaint that Madison County:

> sets the pay and establishes minimum qualifications for positions in the Madison County Sheriff's department, posts vacancies, screens applicants, administers and approves or denies requests for Family and Medical Leave Act leave, establishes policies for reporting discrimination and harassment, and for addressing such reports, pays the salaries of employees of the Madison County Sheriff's Department, and

9

otherwise exerts or shares control of the employment relationship of employees of the Sheriff's Department to a substantial extent.

(Amended Compl. ¶ 22).

In a similar case, the Eleventh Circuit Court of Appeals found that "the sheriff's power to pick his own employees demonstrates power and control over those employees." *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1430 (11th Cir. 1997) (*citing Carr v. City of Florence*, 916 F.2d 1521, 1526 (11th Cir. 1990)). In *Carr*, the Eleventh Circuit held "that a county's limited control over the employment of deputies, shown by the county's requirement of 'good cause' hearings for the termination of deputies, was outweighed by the sheriff's freedom to handpick deputies from among qualified applicants." *Carr*, 916 F.2d at 1526.

Plaintiff does not allege that Madison County in any way hires or fires sheriffs, deputies, or jailers. As noted by the Eleventh Circuit Court of Appeals, "the county commission has the duty to maintain the physical jail structures." *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1289-90 (11th Cir. 1998). However, those duties are limited to funding the operations of the jail and to providing facilities to house the jail. In this case, the plaintiff alleges no issues with the physical structure of the jail. Furthermore, Madison County is not the employer of the jailers. Therefore, viewing all the facts in the light most favorable

to the plaintiff, the motion to dismiss against Madison County and the Madison County Commission is granted.

### III. Blake Dorning, Sheriff of Madison County, Alabama (in his official capacity)

Harris brings suit against defendant Blake Dorning, solely in his official capacity, alleging sexual harassment, sex discrimination and retaliation in violation of Title VII and in violation of § 1983.

The defendant argues that the claims against him should be dismissed as barred under the Eleventh Amendment. This is true for official capacity claims. "Alabama grants sovereign immunity to its state executive officers pursuant to Article I, Section 14 of the Alabama Constitution of 1901." *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996). Section 14 states that "the State of Alabama shall never be made a defendant in any court of law or equity." *Id.* "Under Alabama law, both sheriffs and deputy sheriffs are considered executive officers of the state, immune from suit under Section 14." *Id.* Furthermore, "a suit against a sheriff is 'essentially a suit against the state' and thus 'not maintainable.'" *Parker v. Anderson*, 519 So.2d 442, 446 (Ala. 1987).  As sheriffs are entitled to sovereign immunity when sued in their official capacity, the court is of the opinion that the defendant sheriff's motion to dismiss is due to be granted.

### IV. Kenyard Houston

Harris brings suit against Kenyard Houston in his individual capacity under 42 U.S.C. § 1983 as well as state law for assault and battery, invasion of privacy and outrage.   Although his specific job title is not clearly set forth by the plaintiff in her complaint, the court finds that defendant Houston is a jailer.

The defendant alleges that a jailer sued in his individual capacity is entitled to sovereign immunity from Harris' claims, as provided in Article I, § 14 of the Constitution of Alabama of 1901. This has been held as true repeatedly for sheriffs as well as his deputies. *See Carr v. City of Florence, Ala.*, 916 F.2d 1521 (11th Cir. 1990). However, recent case law has emerged on the subject of sovereign immunity of jailers. In *Ex Parte Shelley*, ---So.3d----, 2009 WL 2997498 (Ala. 2009), the Alabama Supreme Court held that a jailer working for a sheriff's office is not entitled to sovereign immunity against money damages in the jailer's individual capacity. The court explained:

> In contrast, a jailer working for a sheriff's office cannot properly be viewed 'in legal contemplation' as 'an extension of the sheriff' or as 'one officer' with the sheriff. The *Lancaster* court itself acknowledged that 'jailers may not function as an "extension" of the sheriff to the same degree that deputies do, because a jailer cannot undertake every act that the sheriff could perform.' *Lancaster*, 116 F.3d at 1429. Moreover, as the Court of Appeals for the Eleventh Circuit explained in *Terry v. Cook*, 866 F.2d 373, 378 (11th Cir. 1989), the positions appointed by a sheriff of clerk, investigator, dispatcher, jailer, and process server

12

> 'traditionally revolve around limited objectives and defined duties and do not require those holding them to function as the alter ego of the sheriff or ensure that the policies and goals of the office are implemented.' Accordingly, we do not consider a jailer in Shelley's position to be an alter ego of the sheriff as are deputy sheriffs.

*Id.* The court found dispositive that immunity should only be extended to those acting as constitutional officers of the state. "The doctrine of State immunity under § 14 of the Alabama Constitution, insofar as it operates to provide absolute immunity to certain state actors with respect to suits against them in their individual capacity for money damages, is a doctrine that is applicable to constitutional officers." *Id.*

Defendant Houston does not assert any qualified immunity defense, nor can he.  Indeed "discrimination was prohibited in public employment well before the challenged employment decision" here. *See Koch v. Rugg*, 221 F.3d at 1298 n. 32 11th Cir.2000 (citing *Washington v. Davis*, 426 U.S. 229, 239-41, 96 S.Ct. 2040, 2047-48, 48 L.Ed.2d 597 (1976) and *Busby v. City of Orlando*, 931 F.2d 764, 775 (11th Cir.1991))(examining issue in context of race discrimination). Qualified immunity will not apply because sex discrimination was a clearly established violation of law at the time of the alleged violations.  *See Williams v. Consolidated City of Jacksonville*, 341 F.3d 1261, 1270-71 (11th  Cir.2003).

Having considered the foregoing, the court is of the opinion that defendant's

motion to dismiss plaintiff's claims against defendant Houston is due to be

denied.

CONCLUSION

     The court having considered the foregoing, and being of the opinion that

defendants Madison County Sheriff's Department, Madison County, Alabama,

Madison County Commission, and Blake Dorning, Sheriff of Madison County's

motions to dismiss are due to be granted, the court shall so rule by separate Order.

The court further being of the opinion that defendant Kenyard Houston's

motion to dismiss is due to be denied, the court shall so rule by separate Order.

**DONE** and **ORDERED** this 15th day of October 2009.


                        INGE PRYTZ JOHNSON
                        U.S. DISTRICT JUDGE